Pig Improvement Co., Inc. for the use and )  Appeal No.
benefit of Continental Casualty Co., )  01-A-01-9610-CV-00478
    Plaintiff/Appellant, )
v. )  Docket No.
Curt Reaver and Richard Alan )  96C1459
Tracey, Jr., )
    Defendants/Appellees. )

**FILED**

**July 9, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY

THE HONORABLE THOMAS W. BROTHERS, JUDGE

JOSEPH P. RUSNAK
Tune, Entrekin & White, P.C.
21st Floor, First American Center
315 Deaderick Street
Nashville, Tennessee 37238
    ATTORNEY FOR PLAINTIFF/APPELLANT

BRYAN ESSARY
JOE W. ELLIS II
Gideon & Wiseman
NationsBank Plaza, Suite 1900
Nashville, Tennessee 37219-1782
    ATTORNEYS FOR DEFENDANT/APPELLEE

VACATED AND REMANDED

SAMUEL L. LEWIS, JUDGE

<u>O</u>pinion

This is an appeal by plaintiff/appellant, Pig Improvement Co., Inc., from a decision of the Sixth Circuit Court for Davidson County dismissing Pig Improvements's complaint against defendants/appellees, Curt Reaver and Richard Alan Tracey, Jr. The facts out of which this matter arose are as follows.

Paul Glen Draper is an employee of Pig Improvement. Draper, Richard Alan Tracey, Jr., and Curt Reaver were involved in an automobile accident on 22 October 1994. Draper was acting in the course of his employment at the time of the accident.

Draper filed a complaint in the Second Circuit Court for Davidson County on 7 November 1995. He named Reaver and Tracey as defendants. Reaver filed a motion for summary judgment, and Draper filed a motion to amend his complaint to add Pig Improvement as a plaintiff. The Second Circuit granted Reaver's motion on 8 April 1996. Thereafter, Tracey filed a motion for summary judgment. The Second Circuit granted Tracey's summary judgment motion and denied Draper's motion to amend on 5 June 1996. Draper filed a timely notice of appeal as to each order.

Pig Improvement filed a complaint in the Sixth Circuit Court for Davidson County on 17 April 1996. Pig Improvement named Reaver and Tracey as defendants. Reaver filed a motion to dismiss for failure to state a claim upon which relief could be granted. He argued the doctrine of "prior suit pending" prohibited prosecution of the case. The Sixth Circuit agreed and granted the motion to dismiss on 23 August 1996. Pig Improvement filed its notice of appeal on 20 September 1996.

Upon the motion of Pig Improvement and Draper, this court consolidated the two appeals from the Second Circuit's decisions and refused to consolidate the appeal from the Sixth Circuit's decision. This court heard the consolidated appeal on 6 January 1997 and determined the Second Circuit erred when it denied Draper's motion to amend. Specifically, this court concluded the trial court should have considered substance over form and treated the motion as if it were a motion to intervene. Finally, this court remanded the case to the Second Circuit with directions to enter an order permitting Pig Improvement to intervene. ***Draper v. Reaver***, No. 01-

2

A-01-9609-CV-00394, slip op. at 7-8 (Tenn. App. 11 Apr. 1997). The appeal from the Sixth Circuit's decision is now before this court.

Reaver filed a motion to dismiss the appeal on 18 October 1996 based on Pig Improvement's failure to timely serve the notice of appeal on the clerk of this court. In response, Pig Improvement filed a "motion to allow late-filed filing of notice of appeal." This court reserved judgment on the motions until the Tennessee Supreme Court decided *Cobb v. Beier*. The supreme court filed its decision on 28 April 1997 and held: "We are therefore of the opinion that this case, and all cases presently on appeal in which the clerk of the appellate court was not timely served a copy of the notice of appeal, should <u>not</u> be dismissed for failure to comply with Rule 5(a), T.R.A.P." *Cobb v. Beier*, No. 03-S-01-9610-CV-00106, slip op. at 7 (Tenn. 28 April 1997). Thus, Reaver's motion is hereby denied and Pig Improvements' motion is hereby granted.

The issues presented by this appeal were dependant on the outcome of the appeal from the Second Circuit's judgments. Given our decision in that appeal, the issues presented by this appeal are now moot. "The central question in a mootness inquiry is whether changes in the circumstances at the beginning of the litigation have forestalled the need for meaningful relief." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. App. 1994). Without question, this court's ruling ordering the Second Circuit to enter an order permitting Pig Improvement to intervene provided Pig Improvement with the relief it sought in this case. There is no doubt that Pig Improvement filed the present action to avoid the statute of limitations in the event this court upheld the Second Circuit's ruling denying Draper's motion to amend. *See* Tenn. Code Ann. § 50-6-112(c),(d) (1991).

Therefore, it follows that Reaver's motion to dismiss is denied and Pig Improvements' motion to allow late filing of notice of appeal is granted. The trial court's judgment is vacated, and the case is remanded to Sixth Circuit Court with directions to enter an order dismissing the case. *McIntyre*, 884 S.W.2d at 138. Costs on appeal are taxed to plaintiff/appellant, Pig Improvement Co., Inc.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE